﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200707-97847
DATE: January 29, 2021

ORDER

Entitlement to a rating in excess of 30 percent for service-connected coronary artery disease acute, sub-acute/old myocardial infarction, atherosclerotic cardiovascular disease and valvular heart disease (claimed as heart condition and ischemic heart condition) from August 29, 2019 to February 7, 2020, is denied.

Entitlement to a rating in excess of 20 percent for service-connected type 2, diabetes mellitus from August 29, 2019 to December 2, 2019, is denied.

Entitlement to an initial 10 percent rating, but no higher, for right trigeminal nerve (fifth cranial) numbness, claimed as strokes, from August 29, 2019 to December 2, 2019, is granted.

FINDINGS OF FACT

1. The most probative evidence of record shows that the Veteran’s service-connected coronary artery disease acute, sub-acute/old myocardial infarction, atherosclerotic cardiovascular disease and valvular heart disease is manifested by a workload of greater than 5 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope, or; evidence of cardiac hypertrophy or dilation on electrocardiogram, echocardiogram, or x-ray.

2. The most probative evidence of record shows that the Veteran’s service-connected type 2, diabetes mellitus required treatment with insulin or oral medication; but did not require a restricted diet or regulation of activities.

3. The most probative evidence of record shows that the Veteran’s service-connected trigeminal nerve palsy has been manifested by moderate incomplete paralysis.

CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 30 percent for service-connected coronary artery disease acute, sub-acute/old myocardial infarction, atherosclerotic cardiovascular disease and valvular heart disease from August 29, 2019 to February 7, 2020, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.104, Diagnostic Code 7005.

2. The criteria for a rating in excess of 20 percent for diabetes from August 29, 2019 to December 2, 2019, have not been meet. 38 U.S.C. § 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.119, Diagnostic Code 7913.

3. The criteria for an initial 10 percent rating, but no higher, for right trigeminal nerve (fifth cranial) numbness from August 29, 2019 to December 2, 2019, have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.40, 4.45, 4.59, 4.124a, Diagnostic Code 8205.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1965 to August 1967.

The Veteran selected the evidence docket on his July 7, 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement). As to the coronary artery issue, the Veteran appealed a February 2020 rating decision. As to the diabetes and nerve issues, the Veteran appealed a December 2019 rating decision.

In the July 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Increased Ratings

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. In cases in which a claim for a higher initial evaluation stems from an initial grant of service connection for the disability at issue, multiple (“staged”) ratings may be assigned for different periods of time during the pendency of the appeal. See generally Fenderson v. West, 12 Vet. App. 119 (1999). Where entitlement to compensation has already been established, and an increase in the disability rating is at issue, the present level of disability is of primary concern. Although a rating specialist is directed to review the recorded history of a disability in order to make a more accurate evaluation, the regulations do not give past medical reports precedence over current findings. See Francisco v. Brown, 7 Vet. App. 55 (1994); 38 C.F.R. § 4.2. Staged ratings are, however, appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. The relevant focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. See generally Hart v. Mansfield, 21 Vet. App. 505 (2007). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7.

1. Heart Disability

The Veteran’s heart disease disability is evaluated under Diagnostic Code 7005 as 30 percent disabling.

Pursuant to 38 C.F.R. § 4.104, DC 7005, arteriosclerotic heart disease characterized by a workload of greater than 7 METs (metabolic equivalent) but not greater than 10 METs which results in dyspnea, fatigue, angina, dizziness, or syncope, or; requires continuous medication, warrants a 10 percent rating. Arteriosclerotic heart disease characterized by a workload of greater than 5 METs but not greater than 7 METs which results in dyspnea, fatigue, angina, dizziness, or syncope, or; with evidence of cardiac hypertrophy or dilatation on electrocardiogram, echocardiogram, or X-ray, warrants a 30 percent rating. Arteriosclerotic heart disease characterized by more than one episode of acute congestive heart failure in the past year, or; a workload of greater than 3 METs but not greater than 5 METs which results in dyspnea, fatigue, angina, dizziness, or syncope, or; left ventricular dysfunction with an ejection fraction of 30 to 50 percent, warrants a 60 percent rating. Arteriosclerotic heart disease characterized by chronic congestive heart failure, or; a workload of 3 METs or less which results in dyspnea, fatigue, angina, dizziness, or syncope, or; left ventricular dysfunction with an ejection fraction of less than 30 percent, warrants a 100 percent rating.

In August 2019, the Veteran filed a claim for an increased rating for his service-connected heart disabilities. 

The Veteran was afforded a VA examination in October 2019. The examiner reported that the Veteran’s angina, edema, and chest pains had improved, and that the Veteran’s hypercholesterolemia remained stable. The Veteran reported taking continuous medication for his heart conditions. The examiner reported that the Veteran had previously had a myocardial infraction but no cardiac arrhythmia, heart valve condition or infectious cardiac condition was found. The VA examiner noted that an echocardiogram dated in June 2019 showed that the Veteran’s LVEF was 60-65 percent. The VA examiner indicated that an interview based METs test was provided as an exercise stress testing was not required as part of the Veteran’s current treatment plan and the test was not without significant risk. METs results from the October 2019 test showed results as between 1 and 3 METs where the Veteran experiences dyspnea. Although the examiner initially indicated that the METs level provided was due solely to the Veteran’s heart conditions, in a February 2020 addendum, the examiner clarified that the interview-based MET score of 1 to 3 was due to the Veteran’s borderline COPD and that that was no limitation based on the heart disabilities. There was no reported dizziness, shortness of breath, or weakness solely due to the claimant’s heart condition and the examiner estimated that the Veteran’s MET level was between 7-10 due solely to his heart conditions.

The Board finds that the Veteran’s disability picture most nearly approximates the criteria for the 30 percent disability rating assigned for his service-connected heart disabilities. Although the October 2019 medical opinion initially reflected a METs workload of 1-3, this was later clarified to note that these results were based on other disabilities besides the Veteran’s heart disabilities. A MET workload of 7-10 is attributable to the Veteran’s heart disabilities. A review of the evidence of record shows that the lowest ejection fraction, throughout the pendency of the appeal, has been 60 percent. Although there is evidence of dyspnea, the already assigned 30 percent rating contemplates those symptoms. Therefore, a higher rating of 60 percent is not shown by the evidence of record. 38 C.F.R. § 4.104. The Veteran’s claim for entitlement to a rating in excess of 30 percent for his service-connected coronary artery disease acute, sub-acute/old myocardial infarction, atherosclerotic cardiovascular disease and valvular heart disease is denied.

2. Diabetes mellitus 

The Veteran is currently rated 20 percent for his diabetes under Diagnostic Code 7913.

The Veteran’s diabetes is rated under Diagnostic Code 7913 which provides that a 20 percent rating is assigned when the treatment of diabetes requires one or more daily injection of insulin and restricted diet, or; oral hypoglycemic agent and restricted diet.

A 40 percent rating is assigned when treatment requires the taking of insulin, a restricted diet, and regulation of activities. “Regulation of activities” is defined by Diagnostic Code 7913 as the “avoidance of strenuous occupational and recreational activities.” Competent medical evidence is required to establish “regulation of activities,” namely, avoidance of strenuous occupational and recreational activities. Camacho v. Nicholson, 21 Vet. App. 360, 364 (2007).

A 60 percent rating requires the taking of insulin, a restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year, or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated.

A total schedular (100 percent) rating for diabetes mellitus requires more than one daily injection of insulin, restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities) with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength, or complications that would be compensable if separately evaluated. 38 C.F.R. § 4.119, Diagnostic Code 7913.

Because of the successive nature of the rating criteria for diabetes, the evaluation for each higher disability rating includes the criteria of each lower disability rating. For example, each of the three criteria listed in the 40 percent rating must be met in order to warrant such a rating. See Tatum v. Shinseki, 23 Vet. App. 152, 156 (2009). A higher rating cannot be granted based on a finding that the Veteran’s disability picture more nearly approximates the criteria for the next higher rating. Johnson v. Wilkie, 30 Vet. App. 245 (2018).

The Veteran was afforded a VA examination for his diabetes in October 2019. The examiner found that the Veteran requires more than one insulin injection per day. The examiner noted that the Veteran visits his diabetic care provider less than two times per month for episodes of ketoacidosis, has not been hospitalized in the past year, and has not had any loss of strength or weight due to diabetes. The examiner indicated that no activity restriction was required due to the Veteran’s diabetes and that the Veteran is not on a restricted diet. 

The Board finds that the Veteran’s disability picture most nearly approximates the criteria for the 20 percent disability rating assigned for his service-connected diabetes. The evidence of record shows that the Veteran takes insulin or oral medication to treat his diabetes. However, the treatment for his diabetes mellitus was not shown to require restriction on activities or on his diet. To be qualified for a 40 percent rating, the treatment needs to require insulin, restricted diet, and regulation of activities. As such, a rating in excess of 20 percent is not warranted. The Veteran’s claim for entitlement to a rating in excess of 20 percent for service-connected type 2, diabetes mellitus is denied

3. Trigeminal nerve palsy

The Veteran’s right trigeminal nerve (fifth cranial) numbness is rated as noncompensable under Diagnostic Code 8205.

Disorders of the cranial nerves are rated based on the degree of paralysis, neuritis or neuralgia. Paralysis is characterized by sensory manifestation or motor loss. 38 C.F.R. § 4.124a. Neuritis is characterized by loss of reflexes, muscle atrophy, sensory disturbances and constant pain. 38 C.F.R. § 4.123. Neuralgia is characterized by a dull and intermittent pain, of typical distribution so as to identify the nerve. 38 C.F.R. § 4.124.

Under Diagnostic Code 8205, a 10 percent rating is warranted for moderate incomplete paralysis of the nerve; a 30 percent rating is warranted for severe incomplete paralysis of the nerve; and a 50 percent rating is warranted for complete paralysis of the nerve. The rating is dependent on relative degree of sensory manifestation or motor loss. 38 C.F.R. § 4.124a, Diagnostic Code 8205.

Based on the evidence, the Board finds that the Veteran is entitled to an initial 10 percent disability rating for his cranial numbness for moderate incomplete paralysis.

Upon VA examination in October 2019, the examiner indicated the Veteran’s cranial nerve V (trigeminal) exhibited mild symptoms of numbness. Muscle strength testing was normal. The sensory examination of the right cranial nerve V was decreased. The examiner noted that the severity of the Veteran’s nerve paralysis was incomplete moderate of the right cranial nerve, trigeminal.

The Veteran has submitted private medical records from June 2019 that note complaints of numbness in the head.

Affording the Veteran the benefit of the doubt, the Board finds that the Veteran is entitled to an initial disability rating of 10 percent for his right cranial numbness, but no higher, as there is no indication of complete or severe, incomplete paralysis.

The Veteran has exhibited symptoms of numbness and pain. His muscle strength was normal, but he had decreased sensation in his right face.

Thus, the Board finds that the criteria for an initial disability rating of 10 percent for right trigeminal nerve (fifth cranial) numbness are met. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102. 

 

M. Schlickenmaier

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Edward G. Lent

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.